AO 241 (Rev. 09/17)

## PETITION UNDER 28 U.S.C. § 2254 FOR WRIT OF
## HABEAS CORPUS BY A PERSON IN STATE CUSTODY

| United States District Court | | District: | |
|---|---|---|---|
| Name (under which you were convicted): <br> michael Allen Berry | | | Docket or Case No.: <br> 1:22CV1302 |
| Place of Confinement : <br> Deerfield correctional center | | Prisoner No.: <br> 1064816 | |
| Petitioner (include the name under which you were convicted) <br><br> michael Allen Berry | v. | Respondent (authorized person having custody of petitioner) <br> virginia Dept. of corrections <br> virginia Parole Board | |
| The Attorney General of the State of:   mr. Jason marsycs | | | |

## PETITION

FILED

NOV 1 4 2022

CLERK, U.S. DISTRICT COURT
ALEXANDRIA, VIRGINIA

1.   (a) Name and location of court that entered the judgment of conviction you are challenging:

Va. Supreme Court      100 north 9th street 5th Floor
                       Richmond, va. 23219

(b) Criminal docket or case number (if you know):

2.   (a) Date of the judgment of conviction (if you know):

(b) Date of sentencing:

3.   Length of sentence:

4.   In this case, were you convicted on more than one count or of more than one crime?   ☑ Yes   ☐ No

5.   Identify all crimes of which you were convicted and sentenced in this case:

CR 98012-575-00      10 years
CR 98012-576-00      10 years
CR 98012577-00       10 Years
CR 98012578-00       10 Years

All sentences to be ran consecutive in accordance with va. statute
§ 53.1-199.

6.   (a) What was your plea? (Check one)

☑ (1)   Not guilty        ☐ (3)   Nolo contendere (no contest)
☐ (2)   Guilty            ☐ (4)   Insanity plea

AO 241 (Rev. 09/17)

(b) If you entered a guilty plea to one count or charge and a not guilty plea to another count or charge, what did you plead guilty to and what did you plead not guilty to?    *n/A*

(c) If you went to trial, what kind of trial did you have? (Check one)

☑ Jury    ☐ Judge only

7.    Did you testify at a pretrial hearing, trial, or a post-trial hearing?

☐ Yes    ☑ No

8.    Did you appeal from the judgment of conviction?

☑ Yes    ☐ No

9.    If you did appeal, answer the following:

(a) Name of court:    *Supreme Court of Virginia*

(b) Docket or case number (if you know):    *002051*

(c) Result:    *Denied request for appeal*

(d) Date of result (if you know):    *november 29, 2000*

(e) Citation to the case (if you know):

(f) Grounds raised:

(g) Did you seek further review by a higher ~~state~~ court?    ☑ Yes    ☐ No

If yes, answer the following:

(1) Name of court:    *United States District court for the western District*

(2) Docket or case number (if you know):    *7:02-cv-880 (w.D.va)*

(3) Result:    *Petition was denied*

AO 241 (Rev. 09/17)

(4) Date of result (if you know): *May 5, 2003*

(5) Citation to the case (if you know): *not sure*

(6) Grounds raised: *n/a*

(h) Did you file a petition for certiorari in the United States Supreme Court?   ☐ Yes   ☒ No

If yes, answer the following:

(1) Docket or case number (if you know):

(2) Result:

(3) Date of result (if you know):

(4) Citation to the case (if you know):

10.  Other than the direct appeals listed above, have you previously filed any other petitions, applications, or motions concerning this judgment of conviction in any state court?   ☒ Yes   ☐ No

11.  If your answer to Question 10 was "Yes," give the following information:

(a)  (1) Name of court: *Albemarle County Circuit Court*

(2) Docket or case number (if you know):

(3) Date of filing (if you know): *January 10, 2018*

(4) Nature of the proceeding: *motion for new Investigation of Biological Evidence*

(5) Grounds raised:

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?   ☒ Yes   ☐ No

(7) Result: *Dismissed*

AO 241 (Rev. 09/17)

(8) Date of result (if you know): *May 5, 2003* Around october 29, 2018

(b) If you filed any second petition, application, or motion, give the same information:

    (1) Name of court: *The Virghnia Supreme Cout*

    (2) Docket or case number (if you know): *220355*

    (3) Date of filing (if you know): *August 11, 2022*

    (4) Nature of the proceeding: *Habeas corpus*

    (5) Grounds raised: *see attached paperwork*

    (6) Did you receive a hearing where evidence was given on your petition, application, or motion?

    ☐ Yes    ☑ No

    (7) Result: *Dismissed for reason of lack of Jurisdiction to hear petitioner's claims*

    (8) Date of result (if you know):

(c) If you filed any third petition, application, or motion, give the same information:

    (1) Name of court:

    (2) Docket or case number (if you know):

    (3) Date of filing (if you know):

    (4) Nature of the proceeding:

    (5) Grounds raised:

AO 241 (Rev. 09/17)

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

☐ Yes    ☐ No

(7) Result:

(8) Date of result (if you know):

(d) Did you appeal to the highest state court having jurisdiction over the action taken on your petition, application, or motion?

(1) First petition:     ☑ Yes    ☐ No

(2) Second petition:    ☑ Yes    ☐ No

(3) Third petition:     ☐ Yes    ☐ No

(e) If you did not appeal to the highest state court having jurisdiction, explain why you did not:

12.    For this petition, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the facts supporting each ground. Any legal arguments must be submitted in a separate memorandum.

**CAUTION: To proceed in the federal court, you must ordinarily first exhaust (use up) your available state-court remedies on each ground on which you request action by the federal court. Also, if you fail to set forth all the grounds in this petition, you may be barred from presenting additional grounds at a later date.**

GROUND ONE:        *See Attached paperwork*

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

*See Attached paper work*

(b) If you did not exhaust your state remedies on Ground One, explain why:

AO 241 (Rev. 09/17)

(c)     **Direct Appeal of Ground One:**

(1) If you appealed from the judgment of conviction. did you raise this issue?          ❐ Yes    ❐ No

(2) If you did not raise this issue in your direct appeal. explain why:

(d) **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

❐ Yes    ☒ No

(2) If your answer to Question (d)(1) is "Yes." state:

Type of motion or petition:

Name and location of the court where the motion or petition was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order. if available):

(3) Did you receive a hearing on your motion or petition?          ❐ Yes    ☒ No

(4) Did you appeal from the denial of your motion or petition?          ❐ Yes    ☒ No

(5) If your answer to Question (d)(4) is "Yes." did you raise this issue in the appeal?          ❐ Yes    ☒ No

(6) If your answer to Question (d)(4) is "Yes." state:

Name and location of the court where the appeal was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order. if available):

(7) If your answer to Question (d)(4) or Question (d)(5) is "No." explain why you did not raise this issue:

*I am presently appealing to the United States Federal District Court on my current petition.*

AO 241 (Rev. 09/17)

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground One:

**GROUND TWO:**            *NO ISSUE*

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

(b) If you did not exhaust your state remedies on Ground Two, explain why:

(c)    **Direct Appeal of Ground Two:**

      (1) If you appealed from the judgment of conviction, did you raise this issue?        ☐ Yes        ☐ No

      (2) If you did <u>not</u> raise this issue in your direct appeal, explain why:

(d)    **Post-Conviction Proceedings:**

      (1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

           ☐ Yes     ☑ No

      (2) If your answer to Question (d)(1) is "Yes," state:

      Type of motion or petition:

      Name and location of the court where the motion or petition was filed:

      Docket or case number (if you know):

AO 241 (Rev. 09/17)

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(3) Did you receive a hearing on your motion or petition?  ☐ Yes  ☑ No

(4) Did you appeal from the denial of your motion or petition?  ☐ Yes  ☒ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?  ☐ Yes  ☑ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

no issue is present for ground 2

(e)    **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Two :

**GROUND THREE:**    no ground Three

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

AO 241 (Rev. 09/17)

(b) If you did not exhaust your state remedies on Ground Three, explain why:

(c)    **Direct Appeal of Ground Three:**

(1) If you appealed from the judgment of conviction, did you raise this issue?    ☐ Yes    ☐ No

(2) If you did not raise this issue in your direct appeal, explain why:

(d)    **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☐ Yes    ☐ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition:

Name and location of the court where the motion or petition was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(3) Did you receive a hearing on your motion or petition?    ☐ Yes    ☐ No

(4) Did you appeal from the denial of your motion or petition?    ☐ Yes    ☐ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?    ☐ Yes    ☐ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

AO 241 (Rev. 09/17)

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

(e)     **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you
have used to exhaust your state remedies on Ground Three:

**GROUND FOUR:**     *No Ground Four*

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

(b) If you did not exhaust your state remedies on Ground Four, explain why:

(c)     **Direct Appeal of Ground Four:**

(1) If you appealed from the judgment of conviction, did you raise this issue?     ☐ Yes     ☐ No

(2) If you did not raise this issue in your direct appeal, explain why:

(d)     **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☐ Yes     ☐ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition:

AO 241 (Rev. 09/17)

Name and location of the court where the motion or petition was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(3) Did you receive a hearing on your motion or petition?    ❏ Yes    ❏ No

(4) Did you appeal from the denial of your motion or petition?    ❏ Yes    ❏ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?    ❏ Yes    ❏ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

(e)    **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Four:

AO 241 (Rev. 09/17)

13.    Please answer these additional questions about the petition you are filing:

    (a)    Have all grounds for relief that you have raised in this petition been presented to the highest state court

        having jurisdiction?    ☐ Yes    ☐ No

        If your answer is "No," state which grounds have not been so presented and give your reason(s) for not

        presenting them:

    (b)    Is there any ground in this petition that has not been presented in some state or federal court?  If so, which

        ground or grounds have not been presented, and state your reasons for not presenting them:

14.    Have you previously filed any type of petition, application, or motion in a federal court regarding the conviction

    that you challenge in this petition?    ☐ Yes    ☑ No

    If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, the issues

    raised, the date of the court's decision, and the result for each petition, application, or motion filed.  Attach a copy

    of any court opinion or order, if available.

15.    Do you have any petition or appeal now pending (filed and not decided yet) in any court, either state or federal, for

    the judgment you are challenging?    ☐ Yes    ☑ No

    If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the issues

    raised.

AO 241 (Rev. 09/17)

16.     Give the name and address. if you know. of each attorney who represented you in the following stages of the
        judgment you are challenging:

        (a) At preliminary hearing:


        (b) At arraignment and plea:


        (c) At trial:


        (d) At sentencing:


        (e) On appeal:


        (f) In any post-conviction proceeding:


        (g) On appeal from any ruling against you in a post-conviction proceeding:



17.     Do you have any future sentence to serve after you complete the sentence for the judgment that you are
        challenging?          ☐  Yes    ☑  No
        (a) If so, give name and location of court that imposed the other sentence you will serve in the future:



        (b) Give the date the other sentence was imposed:
        (c) Give the length of the other sentence:
        (d) Have you filed, or do you plan to file. any petition that challenges the judgment or sentence to be served in the
        future?          ☐  Yes    ☐  No

18.     TIMELINESS OF PETITION: If your judgment of conviction became final over one year ago, you must explain
        why the one-year statute of limitations as contained in 28 U.S.C. § 2244(d) does not bar your petition.*

        *This petition does not pertain to my conviction*

AO 241 (Rev. 09/17)

---

* The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C. § 2244(d) provides in

part that:

(1)    A one-year period of limitation shall apply to an application for a writ of habeas corpus by a person in
custody  pursuant to the judgment of a State court.  The limitation period shall run from the latest of -

(A)    the date on which the judgment became final by the conclusion of direct review or the expiration
of the time for seeking such review;

(B)    the date on which the impediment to filing an application created by State action in violation of
the Constitution or laws of the United States is removed, if the applicant was prevented from
filing by such state action;

(C)    the date on which the constitutional right asserted was initially recognized by the Supreme Court,
if the right has been newly recognized by the Supreme Court and made retroactively applicable to
cases on collateral review; or

(D)    the date on which the factual predicate of the claim or claims presented could have been
discovered through the exercise of due diligence.

AO 241 (Rev. 09/17)

(2)    The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Therefore, petitioner asks that the Court grant the following relief: *Either remand petition back to the Va. Supreme Court for a full judicial hearing or release petitioner on the U.S. District Court's decision to hear petitioner's claims on the merits.*

or any other relief to which petitioner may be entitled.

Signature of Attorney (if any)

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Petition for Writ of Habeas Corpus was placed in the prison mailing system on *11-8-2022* (month, date, year).

Executed (signed) on *11-7-2022* (date).

*Michael Allen Berg*
Signature of Petitioner

If the person signing is not petitioner, state relationship to petitioner and explain why petitioner is not signing this petition.

I n THE UNITED STATES DISTRICT COURT

Michael Allen Berry,
        Petitioner

v.

NOV 1 7 2022
CLERK, U.S. ...
ALEXAN... COURT

Virginia Dept. of Corrections; Parole Board,
        Respondents

§ 2254 MOTION FOR WRIT OF HABEAS CORPUS

ISSUE 1:    The petitioner comes before this Honorable Court to present legal evidence why the Virginia Supreme court has jurisdiction to hear petitioner's habeas petition, and why the Virginia Supreme Court violated petitioner's constitutional rights when they denied him a hearing on his habeas.

It is inappropriate for the Virginia Supreme Court to dismiss petitioner's petition without giving petitioner the opportunity to show cause why the Court has jurisdiction per se. The procedure under the previous clerk, Patricia Harrington was for the Court to give the petitioner the opportunity to show cause why the Court has jurisdiction. This would afford the petitioner proper due process of law and a hearing that is fair and free from capricious intent. There are numerous United States Supreme Court cases which state that the habeas corpus is the avenue or sole authorization for challenging allegations of unlawful confinement such as the petitioner has presented to the Virginia Supreme Court. The two cases cited by the Virginia Supreme Court; Carroll v. Johnson, 278 Va. 683,694, (2009), and Virginia Parole Board v. Wilkins, 255 Va. 419, 420-21 (1998) are not applicable to petitioner's case. Petitioner is not addressing the

①

issue of classification as the court assumes. Petitioner is making the point of presenting the fact of how the Dept. of Corrections is violating Va. Code §53.1-199 by lumping petitioner's (4) four consecutive sentence into (1) one sentence, and how the Parole Board violated petitioner's due process rights. Both of these issues are constitutional issues that the Virginia Supreme Court has jurisdiction over as a matter of law since they are cognizable issues.

The Parole Board directly abused Va. Codes §§ 2.2-200 (c)(i) and 2.2-105, infringing upon petitioner's state created liberty interest when they made a decision to "not grant" parole release with an unconfirmed Board. The Va. Parole Board violated petitioner's state created liberty interest which is to be protected by the United States and Virginia Constitutions. The Parole Board has even violated their own policy as stated in the Parole Board Policy manual; section (G) "The Parole Board Decision; number (1);" no less than three (3) members are required in the concurrence of a not grant decision." As of march 10, 2022 there were no confirmed Board members to make a legitimate decision on petitioner's liberty interest as a matter of law. Petitioner's "not grant" was certified march 18, 2022, which is outside the parameters of the Board's authority since there were no confirmed Board members to make the decision. This violates petitioner's due process rights to a fair hearing in regard to his liberty interests. If a parole determination is made in a proceeding that's filled with flaws and errors of constitutional dimensions, as the petitioner has presented, then the petitioner's continued confinement may well be the result of constitutional violations. Habeas Corpus Practice and Procedure § 9.1 pp 431-437, and n.33 (4th ed 2001). The United States Supreme Court case law makes it clear that the connection between the constitutionality of the prisoner's parole proceedings and release from confinement lie "within the core of habeas

corpus." <u>Preiser</u>, supra, at 487, 36 L.Ed.2d 439, 93 S.Ct. 1827, ie; where a state prisoner requests present or future release. This ruling shows that challenges to parole proceedings are cognizable in habeas. Even though an individual's liberty may be dependent upon compliance with certain conditions, termination of that liberty interest nevertheless calls for some orderly process when such termination of that liberty interest will inflict grievous loss upon the individual, such as illegally violating Va. codes to keep petitioner unjustly incarcerated.

SCOTUS has ruled that the good time earned question petitioner is addressing can only be brought to the Court through the habeas corpus, not a §1983. The ruling law on this subject is <u>Preiser v. Rodriguez</u>, 411 US 475 (1973), which states: "prisoner's actions under 42 U.S.C.s. §1983 for restoration of good conduct time credits and, as a result, their release from prison... his sole federal remedy was a writ of habeas corpus. The state prisoners were therefore not able to proceed under §1983." See also Wilkinson v. Dotson, 544 U.S. 74(2005). Thus, it would have been a mute point for petitioner to attempt to present his issues of constitutional violations through §1983, however presenting his issues through the habeas is the proper avenue to address his issues where the state court would have jurisdiction. The petitioner pointed out to the Virginia Supreme Court that the Dept. of Corrections changed the court's sentencing order, and in effect changed the earned good time petitioner will receive. This is a liberty interest of the utmost degree that the Virginia Supreme Court has jurisdiction over to hear and rule on the merits of. The Court in <u>Turner v. Ewing</u>, 63 Va. Cir. 117 2003 wl 23571247 (Va. Cir. 2003), and <u>Murphy v. Comm.</u>, 31 App. 70, 74-75, 521 S.E.2d 303( Va. App. 1999) agree with the petitioner. The Va. Dept. of Corrections has no statutory nor precedential

support for aggregating petitioner's sentences in such a fashion, a fashion that illegally detains petitioner longer than prescribed, violating petitioner's liberty interests and constitutional rights. The evidence clearly shows that the Virginia Supreme Court had jurisdiction to hear petitioner's habeas, they chose not to address his issues because of the constitutional magnitude of the violations of the Parole Board and the Va. Dept. of Corrections, which would release petitioner from confinement. The evidence has not faded or been lost. The courts are the final authority on issues of statutory construction and the matter of law, and are obligated to not stand aside and rubber stamp their affirmance of administrative decisions that have been deemed inconsistent with statutory mandates or laws that frustrate the congressional policy underlying a statute or law. The Supreme Court in Nelson v. Campbell, 541 u.s. 637, 643, 124 S.Ct. 2117, 158 L.Ed 2d 924 (2004), has long recognized a right to traditional habeas relief based on an illegally extended sentence. The United States Supreme Court in Wilkinson v. Dotson, 544 u.s 74 has held; "That a prisoner in state custody cannot use a §1985 action to challenge the fact or duration of his confinement. He must seek federal habeas corpus relief instead." The petitioner is addressing the fact that he is being held illegally as a matter of law and in violation of the United States constitution. Petitioner's confinement or duration of incarceration according to the Va. Code §53.1-199 places petitioner's departure from the Dept. of Correction's custody between August 25, 2020 and early 2021. The United States Supreme Court has concluded, that in light of the liberty interest involved in petitioner's case, the right to receive earned good time credit is sourced in the United States constitution and is, therefore, absolute.

The foregoing delineation of constitutional violations by the Parole Board

and the Va. Dept. of Corrections have caused petitioner to be unduly punished, prolonging his time of incarceration. As the documents previously presented to the Va. Supreme Court have shown, a clear evaluation of petitioner's issues does make a difference in the outcome of his sentence completion and release from confinement. Isn't keeping someone in prison past their completion date a grave miscarriage of justice? When the Va. Dept. of Corrections lumped petitioner's sentences together, not following what is mandated by Va. Code § 53.1-199 and the Albemarle County Circuit Court Judge, he started receiving good time on a (40) forty year sentence instead of (4) four (10) ten year parole eligible consecutive sentences, which changed the duration of time petitioner would spend within the confines of prison walls. This violates petitioner's constitutionally entitled liberty interest. The 4th Circuit Court of Appeals has made it clear in Rossingnol v. Voorhaar, 316 F.3d 516, 523 (4th Cir. 2003) that: "The Court must review each motion separately on its own merits to determine whether either of the parties deserves judgment as a matter of law." Success for the petitioner would mean immediate release from prison.

The petitioner is raising cognizable habeas claims of constitutional magnitude, showing by case law and Va. codes how the Va. Parole Board and Va. Dept. of Corrections have violated his due process rights as well as other constitutionally guarded rights.

The traditional function of the habeas is to secure release from illegal custody. The most important function and the only one with which the court must be concerned is the habeas used to inquire into illegal detention with a view to an order releasing petitioner. It is difficult to imagine an activity in which a state has a stronger interest, or one

(6)

That is more intricately bound up in state laws, regulations, and procedures than the proper administration of state laws, regulations, procedures, and codes of Virginia by the Dept. of corrections and their agencies. The writ of habeas corpus is designed for the vindication of federal constitutional rights violations. There is no sound basis for putting these constitutional rights protected by the writ in jeopardy because the state court decides to violate petitions due process rights by stating they have no jurisdiction or that the petitioners claims are not cognizable. Whenever substantial individual interests of the petitioner are at stake some assurances of elemental fairness are essential. Since the petitioner's liberty interests are at stake, the spirit behind petitioners constitutional rights being upheld must receive the fullest and fairest of due process hearing. It is plain from the language of the law and the codes of Virginia presented by petitioner that mandate petitioner is entitled to release from confinement. In addition the Va. Supreme Court has jurisdiction to hear my claims and rule on their merits.

CERTIFICATE OF SERVICE



MAILROOM
NOV 1 7 2022
CLERK, U.S. DISTRICT COURT
ALEXANDRIA, VIRGINIA

I, the petitioner, Michael Allen Berry, hereby certify, that a true copy of the foregoing habeas corpus motion was mailed the 8 day of November 2022 to: The Attorney General's office 202 n. 9th st. Richmond, Va. 23219

⑥