AO 241
(Rev. 10/07)

FILED
MAY 1 5 2022    Page 2
CLERK, U.S. DISTRICT COURT
ALEXANDRIA, VIRGINIA

**PETITION UNDER 28 U.S.C. § 2254 FOR WRIT OF**
**HABEAS CORPUS BY A PERSON IN STATE CUSTODY**

| United States District Court | District: |
|---|---|

| Name (under which you were convicted): *Michael Allen Berry* | Docket or Case No.: *1:22-cv-1302(CMHWEF)* |
|---|---|

| Place of Confinement : *Deerfield correctional center* | Prisoner No.: *1069816* |
|---|---|

| Petitioner (include the name under which you were convicted) *Michael Allen Berry* | v. | Respondent (authorized person having custody of petitioner) *Virginia Dept. of corrections; Virginia Parole Board* |
|---|---|---|

| The Attorney General of the State of | *Virginia* |
|---|---|

## PETITION

1.  (a) Name and location of court that entered the judgment of conviction you are challenging:

    *Albemarle County Circuit Court*

    (b) Criminal docket or case number (if you know): *CR98012575-00 — CR98012578*

2.  (a) Date of the judgment of conviction (if you know):

    (b) Date of sentencing:

3.  Length of sentence: *4-10 year consecutive sentences*

4.  In this case, were you convicted on more than one count or of more than one crime?  ☑ Yes   ☐ No

5.  Identify all crimes of which you were convicted and sentenced in this case: *2 counts of rape and 2 counts of sodomy*

6.  (a) What was your plea? (Check one)

    ☑ (1)   Not guilty        ☐ (3)   Nolo contendere (no contest)

    ☐ (2)   Guilty            ☐ (4)   Insanity plea

    (b) If you entered a guilty plea to one count or charge and a not guilty plea to another count or charge, what did you plead guilty to and what did you plead not guilty to?

_____

_____

_____

_____

**(c) If you went to trial, what kind of trial did you have? (Check one)**

☑ Jury    ☐ Judge only

7.    **Did you testify at a pretrial hearing, trial, or a post-trial hearing?**

☐ Yes    ☑ No

8.    **Did you appeal from the judgment of conviction?**

☑ Yes    ☐ No

9.    **If you did appeal, answer the following:**

**(a) Name of court:**    _Supreme Court of Virginia_

**(b) Docket or case number (if you know):**    _002051_

**(c) Result:**    _denied Request for appeal_

**(d) Date of result (if you know):**    _November 29, 2000_

**(e) Citation to the case (if you know):**    _November 29, 2000_

**(f) Grounds raised:**    _The Fact Detective Robinson mentioned supressed statements on the stand; The fact the two main witnesses were interviewed together tainting their testimony._

_____

_____

**(g) Did you seek further review by a higher state court?**    ☑ Yes    ☐ No

**If yes, answer the following:**

**(1) Name of court:**    _United States District court for the Western District_

**(2) Docket or case number (if you know):**    _7:02-CV-880 (W.D. Va.)_

**(3) Result:**    _petition was dismissed_

**(4) Date of result (if you know):**    _May 5, 2003_

**(5) Citation to the case (if you know):**    _____

**(6) Grounds raised:**    _Ineffective assistance of counsel; The tainting of the witnesses testimony due to them being interviewed together._

AO 241
(Rev. 10/07)

Page 4

(h) Did you file a petition for certiorari in the United States Supreme Court?    ☐ Yes    ☑ No

If yes, answer the following:

(1) Docket or case number (if you know): _____

(2) Result: _____

(3) Date of result (if you know): _____

(4) Citation to the case (if you know): _____

10.   Other than the direct appeals listed above, have you previously filed any other petitions, applications, or motions concerning this judgment of conviction in any state court?    ☑ Yes    ☐ No

11.   If your answer to Question 10 was "Yes," give the following information:

(a)    (1) Name of court: _Albemarle County Circuit Court_

(2) Docket or case number (if you know): _____

(3) Date of filing (if you know): _January 10, 2018_

(4) Nature of the proceeding: _motion for new Investigation of Biological Evidence_

(5) Grounds raised: _The fact evidence was destroyed 91 days after my final decision in the Albemarle county circuit court on November 29, 2000 by the police department. This violated my due process rights and prohibited me from addressing any DNA concerns in the Albemarle County circuit court._

_____

_____

_____

_____

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

☑ Yes    ☐ No

(7) Result: _dismissed_

(8) Date of result (if you know): _____

(b) If you filed any second petition, application, or motion, give the same information:

(1) Name of court: _The Virginia Supreme Court_

(2) Docket or case number (if you know): _220355_

(3) Date of filing (if you know): _August 11, 2022_

(4) Nature of the proceeding: _Habeas Corpus_

AO 241
(Rev. 10/07)

Page 5

(5) Grounds raised: ① The virginia Department of Corrections violated my due process rights by lumping my sentences together in violation of va Statute §53.1-199. They are also violating my due process rights by illegally detaining me post my good time release date according to va. Statute §53.1-199 and case law to backs the statute.
② The virginia parole Board directly abused va codes §§ 2.2-200 (c)(i) and 2.2-105, infringing upon petitioner's stated created liberty interest when they made a decision to "not grant" parole release with only one board member sitting.
③ The virginia Supreme court has jurisdiction to hear my habeas petition.

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

☐ Yes    ☑ No

(7) Result: Dismissed for reason of lack of jurisdiction to hear petitioner's claims.

(8) Date of result (if you know): _____

(c) If you filed any third petition, application, or motion, give the same information:

(1) Name of court: _____

(2) Docket or case number (if you know): _____

(3) Date of filing (if you know): _____

(4) Nature of the proceeding: _____

(5) Grounds raised:

_____

_____

_____

_____

_____

_____

_____

_____

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

☐ Yes    ☐ No

(7) Result: _____

(8) Date of result (if you know): _____

(d) Did you appeal to the highest state court having jurisdiction over the action taken on your petition, application, or motion?

AO 241
(Rev. 10/07)

Page 6

(1) First petition: ☑ Yes    ☐ No

(2) Second petition: ☑ Yes    ☐ No

(3) Third petition: ☐ Yes    ☐ No

(e) If you did not appeal to the highest state court having jurisdiction, explain why you did not:

_____

_____

12.    For this petition, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the facts supporting each ground.

**CAUTION: To proceed in the federal court, you must ordinarily first exhaust (use up) your available state-court remedies on each ground on which you request action by the federal court. Also, if you fail to set forth all the grounds in this petition, you may be barred from presenting additional grounds at a later date.**

**GROUND ONE:** The Virginia Department of Corrections violated my due process rights by lumping my sentences together in violation of the 5th and 14th Amendments instead of keeping them separate in accordance with §53.1-199.

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

The Albemarle County Circuit Court sentenced Michael Allen Berry to 4-10 year sentences to be served in a consecutive order. The Virginia Department of Corrections has changed the court's sentencing order by lumping the 4-10 year consecutive sentences into one 40 year sentence, changing the manner and amount of good time earned Berry will earn on each 4-10 year sentence separately. The Virginia Department of Corrections applied the wrong good time statute to my earning good time, which changed the form of law I earn good time.

(b) If you did not exhaust your state remedies on Ground One, explain why:

_____

_____

(c)    **Direct Appeal of Ground One:**

(1) If you appealed from the judgment of conviction, did you raise this issue?    ☐ Yes   ☑ No

(2) If you did not raise this issue in your direct appeal, explain why: It was not the issue at the time of my trial. It did not become an issue until I recently found out that the Dept. of Corrections violated my constitutional rights.

(d) **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☑ Yes    ☐ No

(2) If your answer to Question (d)(1) is "Yes," state:

AO 241
(Rev. 10/07)

Type of motion or petition: ~~Habeas Corpus~~ Habeas Corpus

Name and location of the court where the motion or petition was filed: The Virginia Supreme Court

Docket or case number (if you know): 220355

Date of the court's decision: Thursday August 11, 2022

Result (attach a copy of the court's opinion or order, if available): The petition was dismissed

(3) Did you receive a hearing on your motion or petition?    ☑ Yes    ☑ No

(4) Did you appeal from the denial of your motion or petition?    ☑ Yes    ☑ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?    ☑ Yes    ☑ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: United States District Court for the Eastern District of Virginia

Docket or case number (if you know): 1:22cv1302 (CMH/WEF)

Date of the court's decision: no decision yet

Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue: This issue could not be raised on my direct appeal due to dealing with a different issue, the good time earned by petitioner, and the manner and amount in which this good time is to be earned.

(e) Other Remedies: Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground One: I am presently appealing to the United States Federal District Court for the Eastern District of Virginia on my current petition.

GROUND TWO: The Virginia Parole Board violated my due process rights when they infringed upon my state created liberty interest to a fair parole hearing in violation of my 5th and 14th Amendment rights.

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

The Virginia Parole Board decided to "not grant" parole release with only one member sitting on the Board. The Virginia Parole Board violated my due

AO 241
(Rev. 10/07)

process rights to a fair and just hearing by allowing only one member, mr. Chadwick Dotson (The chairperson) to make the decision not to grant me parole release.

**(b) If you did not exhaust your state remedies on Ground Two, explain why:**

**(c)    Direct Appeal of Ground Two:**

(1) If you appealed from the judgment of conviction, did you raise this issue?    ☐ Yes    ☑ No

(2) If you did not raise this issue in your direct appeal, explain why: This issue did not pertain to my trial, but occurred march 18, 2022, 8 days after the virginia senate refused to confirm the Board the governor appointed

**(d)    Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?
☑ Yes    ☐ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition:    Habeas corpus

Name and location of the court where the motion or petition was filed: The virginia Supreme Court

Docket or case number (if you know): 220355

Date of the court's decision: Thursday August 11, 2022

Result (attach a copy of the court's opinion or order, if available): The petition was dismissed

(3) Did you receive a hearing on your motion or petition?    ☑ Yes    ☐ No

(4) Did you appeal from the denial of your motion or petition?    ☑ Yes    ☐ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?    ☐ Yes    ☑ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: United states district court for the Eastern District of virginia

Docket or case number (if you know): 1:22-cv 1302 (CMH/WEF)

AO 241
(Rev. 10/07)

Page 9

Date of the court's decision: _no   decision   yet_

Result (attach a copy of the court's opinion or order, if available): _____

_____

_____

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

_____

_____

_____

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you :

have used to exhaust your state remedies on Ground Two _____

_____

_____

**GROUND THREE:** _The virginia supreme court violated my due process rights when they ruled that they do not have jurisdiction to hear my habeas in regard to my liberty interest._

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

_I filed a habeas on August 11, 2022 in regard to my good time earning and parole violations. The virginia supreme court subsequently dismissed my petition stating "lack of jurisdiction to hear the case."_

_____

_____

(b) If you did not exhaust your state remedies on Ground Three, explain why: _____

_____

_____

(c) **Direct Appeal of Ground Three:**

(1) If you appealed from the judgment of conviction, did you raise this issue?    ☐ Yes    ☑ No

(2) If you did not raise this issue in your direct appeal, explain why: _This was not an issue at my trial. It did not become an issue of constitutional magnitude until just recently when I filed a habeas on my good time earning and parole issue._

(d) **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☐ Yes    ☑ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: _____

Name and location of the court where the motion or petition was filed: _____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

(3) Did you receive a hearing on your motion or petition?        ☐ Yes    ☑ No

(4) Did you appeal from the denial of your motion or petition?    ☑ Yes    ☐ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?    ☑ Yes    ☐ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: _The United States District Court for the Eastern District of Virginia_

Docket or case number (if you know): _1:22-CV-1302 (CMH/WEF)_

Date of the court's decision: _No Decision Yet_

Result (attach a copy of the court's opinion or order, if available): _____

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue: _____

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground

Three: _____

**GROUND FOUR:** _____

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

AO 241
(Rev. 10/07)

Page 11

_____

_____

_____

_____

_____

_____

_____

_____

(b) If you did not exhaust your state remedies on Ground Four, explain why: _____

_____

_____

_____

(c)    **Direct Appeal of Ground Four:**

(1) If you appealed from the judgment of conviction, did you raise this issue?    ☐ Yes   ☐ No

(2) If you did not raise this issue in your direct appeal, explain why: _____

(d)    **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☐ Yes    ☐ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: _____

Name and location of the court where the motion or petition was filed: _____

Docket or case number (if you know): _____

Date of the court's decision: _____ .

Result (attach a copy of the court's opinion or order, if available): _____

_____

(3) Did you receive a hearing on your motion or petition?    ☐ Yes   ☐ No

(4) Did you appeal from the denial of your motion or petition?    ☐ Yes   ☐ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?   ☐ Yes   ☐ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: _____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

_____

_____

_____

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

_____

_____

_____

_____

(e)   **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you
      have used to exhaust your state remedies on Ground Four: _____

      _____

      _____

      _____

13.   Please answer these additional questions about the petition you are filing:

      (a)   Have all grounds for relief that you have raised in this petition been presented to the highest state court
            having jurisdiction?   ☑ Yes   ☐ No

            If your answer is "No," state which grounds have not been so presented and give your reason(s) for not
            presenting them: _____

            _____

            _____

      (b)   Is there any ground in this petition that has not been presented in some state or federal court?  If so, which
            ground or grounds have not been presented, and state your reasons for not presenting them:

            no _____

            _____

14.   Have you previously filed any type of petition, application, or motion in a federal court regarding the conviction
      that you challenge in this petition?   ☐ Yes   ☑ No

AO 241
(Rev. 10/07)

If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, the issues raised, the date of the court's decision, and the result for each petition, application, or motion filed. Attach a copy of any court opinion or order, if available. _____

_____

_____

_____

_____

_____

15.  Do you have any petition or appeal now pending (filed and not decided yet) in any court, either state or federal, for the judgment you are challenging?    ☑ Yes    ☐ No

If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the issues raised. *The U.S. District Court; 1:22cv1302 (CMH/WEF); (1) The va. DOC violated petitioner's due process by not adhering to 53.1-199; (2) The Parole Board breatly abused §2,2-200(c)(i) and 2.2-105, infringing upon petitioner's state created liberty interest; (3) The Va. Supreme court was wrong in say they had no jurisdiction to hear petitioner's habeas*

16.  Give the name and address, if you know, of each attorney who represented you in the following stages of the judgment you are challenging:

(a) At preliminary hearing:  ~~pro se~~ *Michael Hemenway*

(b) At arraignment and plea:  *Michael Hemenway*

(c) At trial:  *Michael Hemenway*

(d) At sentencing:  *Michael Hemenway*

(e) On appeal:  *Michael Hemenway*

(f) In any post-conviction proceeding:  *Pro se*

(g) On appeal from any ruling against you in a post-conviction proceeding:  *pro se*

17.    Do you have any future sentence to serve after you complete the sentence for the judgment that you are

challenging?          ☐ Yes    ☑ No

(a) If so, give name and location of court that imposed the other sentence you will serve in the future:

_____

_____

(b) Give the date the other sentence was imposed:    _____

(c) Give the length of the other sentence:    _____

(d) Have you filed, or do you plan to file, any petition that challenges the judgment or sentence to be served in the

future?          ☐ Yes    ☑ No

18.    TIMELINESS OF PETITION: If your judgment of conviction became final over one year ago, you must explain

why the one-year statute of limitations as contained in 28 U.S.C. § 2244(d) does not bar your petition.*

_The Parole and good time issues are a yearly occurrence due to_
_the fact that I am under the "old law". My petition is not_
_addressing my judgment that was posted down, but how the Department_
_of corrections and the Parole Board violated my 5th and 14th Amendment_
_rights. As the exhibits I have attached show that this is a recent_
_issue and that I am within the time frame of filing against these_
_entities with a habeas corpus to receive relief from their violating my_
_5th and 14th Amendment rights._

_____

_____

---

* The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C.   § 2244(d) provides in

part that:

    (1)    A one-year period of limitation shall apply to an application for a writ of habeas corpus by a person in
        custody  pursuant to the judgment of a State court.  The limitation period shall run from the latest of –

        (A)    the date on which the judgment became final by the conclusion of direct review or the expiration
            of the time for seeking such review;

        (B)    the date on which the impediment to filing an application created by State action in violation of
            the Constitution or laws of the United States is removed, if the applicant was prevented from
            filing by such state action;

        (C)    the date on which the constitutional right asserted was initially recognized by the Supreme Court,
            if the right has been newly recognized by the Supreme Court and made retroactively applicable to
            cases on collateral review; or

        (D)    the date on which the factual predicate of the claim or claims presented could have been
            discovered through the exercise of due diligence.

AO 241
(Rev. 10/07)                                                                                          Page 15

(2)      The time during which a properly filed application for State post-conviction or other collateral review with
respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation
under this subsection.

Therefore, petitioner asks that the Court grant the following relief: _Grant immediate release. Give petitioner_
_a full and fair judicial hearing on the merits of his habeas in the United States District_
_Court according to Fed. R. Cv. Pro. 12(b)(6) and attached facts._

or any other relief to which petitioner may be entitled.


_____
Signature of Attorney (if any)


I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Petition for

Writ of Habeas Corpus was placed in the prison mailing system on ____5-9-2023____ (month, date, year).


Executed (signed) on ____5-8-2023____ (date).


_____
Signature of Petitioner

If the person signing is not petitioner, state relationship to petitioner and explain why petitioner is not signing this petition.

_____

_____

_____

## VIRGINIA:

### *In the Supreme Court of Virginia held at the Supreme Court Building in the City of Richmond on Thursday the 11th day of August, 2022.*

Michael Allen Berry,                                                                  Petitioner,

against          Record No. 220355

Va. Dept. of Corr.; Parole Board,                                            Respondent.

Upon a Petition for a Writ of Habeas Corpus

Upon consideration of the petition for a writ of habeas corpus filed June 15, 2022, the Court is of the opinion that petitioner's claims concerning the denial of discretionary parole are not cognizable in a petition for a writ of habeas corpus. *Carroll v. Johnson*, 278 Va. 683, 694 (2009) (citing *Virginia Parole Board v. Wilkins*, 255 Va. 419, 420-21 (1998)). Further, the Court is of the opinion that petitioner's claim concerning the rate at which petitioner's good conduct or sentence credit is calculated, is not cognizable in a petition for a writ of habeas corpus. This Court's habeas corpus jurisdiction includes "cases in which an order, entered in the petitioner's favor . . . will, as a matter of law and standing alone, directly impact the duration of a petitioner's confinement." *Id.* The court's habeas corpus jurisdiction, however, does not extend to

disputes which only tangentially affect an inmate's confinement, such as prison classification issues concerning the rate at which a prisoner earns good conduct or sentence credits, or challenges to parole board decisions.

*Id.* It is therefore ordered that the petition be dismissed.

Upon further consideration whereof, the Court denies petitioner's motion for appointment of counsel.

A Copy,

Teste:

Muriel-Theresa Pitney, Clerk

By:

Deputy Clerk

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT



michael Allen Berry,

Petitioner,

V.

1:22-cv1302 (CmH/WEF)

Virginia Department of Corrections, et al

Respondent

§ 2254 MOTION FOR WRIT OF HABES CORPUS

The petitioner comes before this Honorable Court to present legal evidence
how the Virginia Department of Corrections, Parole Board, and Virginia
Supreme Court violated his 5th and 14th Amendment rights to due process.

## THE FACTS SUPPORTING ISSUE ONE

ISSUE I: The Virginia Department of Corrections (DOC) violated petitioner's 5th
and 14th Amendment right when they lumped his sentences together, changing
the fashion he earns good time on each sentence according to §53.1-199.
The petitioner's future release date is in violation of the 5th and 14th
Amendmendments of the United States constitutional rights to due
process and liberty interests. This happened when DOC arbitrarily abrogated
the law by misinterpreting or omitting the instructions of the Albemarle
County circuit court in regard to petitioner's 4-10 year consecutive parole
eligible sentences. DOC also failed to follow the instructions of §53.1-199,
which resulted in a loss of good time credits earned for each sentence

①

in a separate fashion, and subsequently a longer sentence duration contrary to state law. The state " having created the right to good time and itself recognizing that its deprivation is a sanction authorized for major misconduct, the prisoner's _Interest_, substance and is sufficiently embraced appropriate under the circumstances within the 14th Amendment `liberty' to entitle him to those minimum procedures appropriate under the circumstances and required by the Due Process Clause to insure that the state-created right is not arbitrarily derogated." See Wolff v. McDonnell, 418 U.S. 539, 557, 94 S.CT 2963 (1974). The OOC.'s actions resulted in a loss of good time credits for the petitioner, ie a longer sentence duration contrary to state and federal law.

The United States Supreme Court has ruled that the good time earned question petitioner is addressing can only be brought to the court through the habeas corpus, not a §1983. There is a liberty interest in favor of the petitioner, which is going to release him from the confines of prison. The Supreme Court in Nelson v. Campbell, 541 U.S. 637, 643, 124 S.Ct. 2117, 158 L.Ed 2d 924 (2004), has long recognized a right to traditional habeas relief based on an illegally extended sentence. The petitioner is addressing the fact that he is being held illegally as a matter of law, and in violation of the United States Constitution. Petitioner's confinement or duration of incarceration according to the Va. Code §53.1-199 places petitioner's departure from OOC's custody approximately around the middle of 2020 to early 2021 (see Exhibit 1a). The United States supreme court has concluded, that in light of the liberty interest involved in petitioner's case, the right to receive earned good time credit is sourced in the United States Constitution and is, therefore absolute. The OOC, court and Legal Department cannot determine which of the four (4) ten (10) year consecutive parole eligible sentence(s) petitioner is actually

serving, nor can they determine which of the four (4) consecutive parole eligible sentences have been completed (see Exhibit 1b) the petitioner took it upon himself to do further research about his good time earnings. As Exhibits 1(c) and 1(d) show, petitioner filed a mandamus to force the Court and Legal to give an update, which they failed to do since petitioner's crimes occurred in 1994. This automatically places petitioner under the GCA good time earning system, not the ESC system as Court and Legal is assuming. See Exhibit 1(e). The DOC's actions have violated petitioner's 5th and 14th Amendment rights by applying the wrong good time earning statute to what petitioner is obligated to earn, which changed the form of how petitioner earns good time on each sentence separately as §53.1-199 states. By doing so they have lengthened petitioner's stay in confinement, in an illegal fashion. If there is any doubt in regard to how a statute is applied, it should be resolved in petitioner's favor.

The case of Townes v. Comm. Supra, 269 Va. 234, 609 S.E. 2d 1 (Va. 2005) is the most recent legal standard specifically discussing the serving of consecutive sentences. The court must note that in an older case, which is still good law in Virginia, Smyth v. Midgett, 199 Va. 727, 733, 101 S.E. 2 575, 579 (Va. 1954) verifies; "It is only possible in the Commonwealth to serve one (1) consecutive sentence at a time." Now, being that only one sentence can be served at a time, and each of petitioner's sentences are parole eligible, by law the petitioner should be entitled to a parole hearing on every one of his parole eligible consecutive sentences. The judgement of the Albemarle County Circuit Court Judge Paul Peatross Jr. is four (4) ten (10) year parole eligible consecutive sentences, not a fourty year sentence as the Va. DOC has miscalculated. The difference in the sentence computation

for good time earning of four (4) ten (10) year parole eligible consecutive sentences and one (1) fourty (40) year sentence shows an over four (4) year difference in the computation of petitioner's release dates from from the carbines of D.O.C. By using the rulings in Townes, Id. and Smyth, Id., the court must find in conjunction with §53.1-199, that the respondents have illegally lumped petitioner's four (4) ten (10) year parole eligible consecutive sentences together, violating petitioner's due process rights. The time served and the good time earned on each of petitioner's individual four (4) ten (10) year consecutive sentences is linked to that individual sentence, and cannot be lumped together or mixed since each sentence is served in consecutive order. The court in Turner v. Ewing, 63 Va. Cir. 117, 2003 WL 23571247 (Va. Cir. 2003), and Murphy v. Comm., 31 App. 70, 74-75, 521 S.E. 2d 303 (Va. App. 1999) agree with petitioner. The petitioner's rights to 5th Amendment violations are protected in the commonwealth through the 14th Amendment. The petitioner also has some rights to some type of finality with respect to his four (4) ten (10) year consecutive sentences.

Though the Court and Legal Dept of D.O.C. state they no longer reflect sentence completions in inmate updates, in 1994, the Va. D.O.C. Court and Legal service section, Correspondence section revealed a statement from the manager. This statement from the former manager of Court and Legal, Mr. Comer states: "It is Court and Legal's objective to produce time computation records updates that are technically correct in a timely fashion and in compliance with Va. Statutes... Keeping abreast of an inmate's time computation record not only involves tracking his or her good time, but also the numerous other factors which ultimely make

a difference between a clock that is running ahead of time or behind time." The Va. D.O.C. has illegally extended petitioner's four(4) ten(10) year consecutive sentences by lumping them into one sentence. The Supreme Court in Nelson v. Campbell, 541 U.S. 637, 643, 124 S.Ct. 2117, 158 L.Ed. 2d 924 (2004) has long recognized a right to traditional habeas corpus relief based on an illegally extended sentence. The petitioner has satisfied all his sentences according to Va. Code §53.1-199 through good time earned and time served, and must be released from confinement on each of his four(4) ten(10) year consecutive sentences.

## THE FACTS SUPPORTING ISSUE TWO.

ISSUE 2:   The Virginia Parole Board (VPB) directly abused Va. Codes §§2.2-200 (c)(i) and 2.2-105, infringing upon petitioner's state created liberty interest when they made a decision to "not grant" parole release with only one Board member sitting.

The V.P.B. directly abused their discretion when they violated Va. codes § 2.2-200 (c)(i) and 2.2-105, infringing upon petitioner's state created liberty interest which is to be protected by the 5th and 14th Amendment of the United States Constitution. These Amendments are to ensure that petitioner receive a hearing from the Board that is fundamentally fair and according to due process, and to be free from arbitrary and capricious government action. See (Exhibit 2a)

Petitioner's parole release denial is certified march 14, 2022. The General Assembly senate rejected the members of the Board that Governor Youngkin had appointed on march 10, 2022. This leaves to question, who made the decision to not grant petitioner's parole release when there were no confirmed members but one sitting on the Board to make a

decision in petitioner's case? The V.P.B. violated petitioner's state created liberty interest which is protected by the 5th and 14th Amendments of the United States Constitution. The V.P.B. violated their own policy which clearly states under "Section G, The Parole Board Decision," Number (1); no less than three (3) members are required in the concurrence of a not grant decision." Being that four (4) of the five (5) appointees by the governor were not confirmed by the General Assembly, there were not sufficient members available to render a decision that is just and fair according to Virginia statutes and laws to afford petitioner due process of law protection in regard to his liberty interest. when petitioner brought this information to the attention of the Parole Board on his reconsideration form, one of the reasons checked is: "Does not show significant error in information or with application of policies or procedures." See (Exhibit 2b) Petitioner's history with the Board make it clear that he cannot expect any professional balance, nor a fair determination because of their abuse of discretion and total disregard for following Virginia statutes and laws in regard to petitioner's parole review. The petitioner also claims that V.P.B. has violated Va. Codes and the Due Process clause of the 5th and 14th Amendments of the United States Constitution. The provision of Va. Code §22-105 states: "no person appointed by the governor, whose appointment is subject to confirmation by the General Assembly, shall enter upon, or continue in, office after the General Assembly has refused to confirm his appointment. nor shall such person be eligible for reappointment during the recess of the General Assembly to fill the vacancy by the refusal to confirm." Exhibit 2(a) shows that the appointees were not confirmed on March 10, 2022, so any decisions made after that

date is in clear violation of due process and va. codes.

The Attorney General James S. Gilmore in 1995 when the new law was enacted, warned the Legislature, saying: "Authority for administrative regulations or executive directives that have the force of law must be derived from statutes. If a retroactive change in parole eligibility would be unconstitutional when imposed by statute, it cannot be made constitutional by administrative or executive action." The petitioner has a constitutional right to some form of finality with respect to his parole on each of his four (4) ten (10) year parole eligible consecutive sentences. The role of the court is vital to preservation of the constitutional separation of powers of government where that separation, delicate under normal conditions, is jeopardized by the usurping actions of the executive or legislative branches of government in regard to changing petitioner's parole review. See Steele v. Kapp, 305 S.E. 2d. 339. The question is not merely the weight of the petitioner's interest, but the nature of the interest being one within the contemplation of the liberty language of the 14th Amendment. Virginia has extended an expectation of liberty in the form of parole eligibility to its prisoners in Va. Code 53.1-155. The U.S. Constitution requires that the procedure utilized by the state in determining whether such expectation will be realized must be fundamentally fair. Petitioner was not afforded such right because only one Board member was sitting when a decision was made on his parole release not grant. The foregoing delineation of constitutional violations by the V.P.B. have caused petitioner to be unduly punished, prolonging his time of incarceration. The error has prejudiced the petitioner to the point where he could not seek any remedial relief for such harm of

22

constitutional magnitude, other than filing a habeas corpus.

<u>THE FACTS SUPPORTING ISSUE THREE</u>

Issue 3!     The Virginia Supreme Court has jurisdiction to hear petitioner's habeas corpus petition.

It is inappropriate for the Virginia Supreme Court to dismiss petitioner's petition without giving petitioner the opportunity to show cause why the Court has jurisdiction per se. The procedure under the previous clerk, Patricia Harrington was for the Court to give the petitioner the opportunity to show cause why the court has jurisdiction. This would have afforded the petitioner proper due process of law and a hearing that is fair and free from capricious intent. There are numerous United States Supreme Court cases which state that the habeas corpus is the avenue or sole authorization for challenging allegations of unlawful confinement such as the petitioner presented to the Virginia Supreme Court. The two cases cited by the Virginia Supreme Court; Carroll v. Johnson, 278 Va. 683, 694 (2009), and Virginia Parole Board v. Wilkins, 255 Va 419, 420-21 (1999) are not applicable to petitioner's case. Petitioner is not addressing the issue these cases discuss.

The U.S. Supreme Court has ruled in Preiser v. Rodriguez, 411 U.S. 475 (1973) That the good time earned question petitioner presented to the Virginia Supreme Court can only be brought through the habeas corpus, not a §1983. See also Wilkinson v. Dotson, 544 U.S. 74 (2005). Thus, it would have been a moot point for petitioner to attempt to present his issues of constitutional violations under §1983. However, presenting his issues through the habeas is the proper avenue to address his issues where the state court would have jurisdiction. This is a clear violation of

Ⓑ

Preiser, supra, at 487, 36 L.Ed. 2d 439, 93 S.Ct 1827, ie; where a state prisoner requests present or future release. This ruling shows that challenges to parole proceedings are cognizable in habeas. Even though an individual's liberty may be dependant upon compliance with certain conditions, termination of that liberty interest nevertheless calls for some orderly process that can only be address through the habeas corpus.

When the state court passes on a claim properly before them, the standard of review changes from 2254(d)(2) highly differential to the state ruling to the standard of Juniper v. Zooks, 876 F.3d (2017): "Under that standard the Court determines whether the petition states a claim to relief that is plausible on its face. In so doing, the court construes facts in the light most favorable to the plaintiff and draws all reasonable inferences in his favor. Under the Rule 12(b)(6) standard the Court is obligated to assume all facts pleaded by the 2254 petitioner to be true." Since the Va. Supreme Court did not rule on petitioner's claims that were properly before them, but said they did not have jurisdiction to hear cognizable habeas issues, The United States District Court must use the principles of Federal Rules of Civil Procedure 12(b)(6), especially since the Va Supreme court passed on ruling on the merits of the petition.

<u>Conclusion</u>

The foregoing delineation of Constitutional violations by the Parole Board and the Va. D.O.C. have caused petitioner to be unduly punished, prolonging his time of incarceration. As the Exhibits presented show, a clear evaluation of petitioner's issues does make a difference in the outcome of his sentence completion and release from confinement.

Isn't keeping someone in prison past their completion date a grave miscarriage of justice? The petitioners constitutionally entitled liberty interest have been violated by the respondents. It is difficult to imagine an activity in which a state has a stronger interest, or one that is more intricately bound up in state laws, regulations, and procedures than the proper administration of state law, regulations, procedure, and codes of Virginia. The writ of habeas corpus is designed for the vindication of federal constitutional rights violations. There is no sound basis for these constitutional rights protected by the writ in jeopardy because the state court decides to violate petitioners due process rights by stating they have no jurisdiction or that the petitioners claims are not cognizable. Whenever substantial individual interests of the petitioner are at stake, some assurances of elemental fairness are essential. Since the petitioners liberty interests are at stake, the spirit behind petitioners constitutional rights being upheld must receive the fullest and fairest attention by the United States District Court. This will insure that petitioner receives a hearing according to the laws and codes cited in his petition, which will release petitioner from confinement post haste.

## CERTIFICATE OF SERVICE

I, the petitioner, Michael Allen Berry, hereby certify that this original and two (2) copies were sent to the United States District Court for the Eastern District of Virginia, 401 Courthouse Sq Alexandria, Va. 22314

Respectfully submitted,
Michael Allen Berry

(10)